**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2368
_____

UNITED STATES OF AMERICA

v.

ROBERT J. BIRCH

v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,

Robert J. Birch,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-10-cv-01212)
District Judge:  Honorable Norma L. Shapiro

Submitted under Third Circuit LAR 34.1(a)
on April 10, 2014

Before:  AMBRO, JORDAN and ROTH, Circuit Judges

(Opinion filed: January 26, 2015)

_____

O P I N I O N*

_____

**ROTH**, Circuit Judge:

_____

* This disposition is not an opinion of the fill Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In this case, the District Court awarded $107,930.35, plus post-judgment interest, to the United States Department of Education (DOE). For the reasons that follow, we will affirm.

## I. Background

DOE filed a civil action in the District Court against Robert J. Birch to recover payments for a consolidated student loan executed by Birch in February 1996. The loan was guaranteed by the Pennsylvania Higher Education Assistance Authority (PHEAA), and reinsured by DOE. Birch defaulted on the loan in May 1996, after failing to make payments for six months. In September 2002, Birch and PHEAA settled a suit agreeing that PHEAA would rehabilitate the loan if Birch made twelve consecutive monthly payments of $600. Birch made twelve payments over the span of fourteen months, missing two payments, causing PHEAA not to rehabilitate the loan and to resume attempts to collect on the debt. After failing to collect the debt from Birch, PHEAA assigned the loan to DOE in July 2007.

When DOE did not succeed in collecting the debt, it filed this suit. Birch then impleaded PHEAA for allegedly breaching the prior settlement agreement. The District Court held a bench trial to determine the correct amount owed on the loan and how much Birch had paid, collection costs owed, whether Birch successfully rehabilitated his loan after it was in default, and whether the outstanding loan payments were due to DOE or PHEAA. After the bench trial, the court appointed a certified public accountant as a special master to review the transcript and submit a report. The parties had an opportunity to question the special master at a hearing on March 21, 2013.

2

In the court's findings of fact, it determined that between the time of default and the assignment to DOE, PHEAA collected $45,280.35 from Birch, applying $7,663.43 to collection costs and $37,601.92 to interest. The principal amount of $60,689.73 was never reduced. After assignment, Birch paid another $2,232.00 to DOE. The District Court found that the payments made to PHEAA and DOE were properly applied first to collection costs and second to interest, according to DOE regulations, *see* 34 C.F.R. § 682.404(f). As of September 21, 2009, Birch owed the principal of $60,689.73 plus $27,552.94 in interest, for a total of $88,242.67. Interest has continued to accrue while the suit has been pending. At the time of judgment, the court found that Birch owed $107,930.35 plus post-judgment interest.

## II. Discussion

Birch raises a number of issues on appeal, many of which are based in factual claims that are unsupported by either the record or the findings of the District Court. To the extent Birch seeks to prevail based on different facts, he is challenging the factual findings of the District Court, which we review for clear error. *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 234 (3d Cir. 2013). Birch, however, directly challenges the factual findings of the District Court in only two instances, arguing that it was error for the court to ignore both Birch's $47,000 in payments and a mailing from PHEAA to Birch, stating that he was doing a "good job" and was on his way to loan rehabilitation. With respect to the payments, the court did not ignore Birch's payments but rather acknowledged them specifically as discussed above.

3

Regarding the "good job" mailing, Birch argues that PHEAA breached its 2002 settlement agreement with him. The District Court found that Birch had not satisfied the conditions under which PHEAA would be required to perform, namely that he make twelve consecutive monthly payments. Therefore, PHEAA was not in breach. *See In re Columbia Gas Sys. Inc.*, 50 F.3d 233, 241 (3d Cir. 1995) ("A contracting party's failure to fulfill a condition excuses the performance by the other party whose performance is so conditioned . . .."). Birch argued that he did not fail to perform because the contract in one place stated that payments should be made "not less more [sic] than 30 days apart." As the District Court noted, Birch's argument that this meant the payments must be farther than 30 days apart is both unsupported by the context of the rest of the settlement agreement's language and creates the absurd result that the time between payments would be uncapped. Therefore, PHEAA's "good job" card was simply irrelevant. As the remainder of the factual findings have not been challenged, and no error is asserted, we accept the District Court's factual findings as given.

Next, Birch contends that the District Court erred by depriving him of his Seventh Amendment right to a jury trial. "We review the district court's denial of the request for a jury trial for abuse of discretion." *U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 195 (3d Cir. 2000). Although Birch did demand a jury trial in his third party complaint, he did not object to the numerous occasions on which the District Court stated that it would try the case. "[O]nce a party makes a timely demand for a jury trial, that party subsequently waives that right when it participates in a bench trial without objection."

4

*Wilcher v. City of Wilmington*, 139 F.3d 366, 379 (3d Cir. 1998). Birch has thus waived this objection.

Birch also contends that he was not allowed to depose employees of PHEAA and DOE, preventing him from adequately preparing for trial. District courts have broad authority to direct discovery and we review a denial of discovery for abuse of discretion. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290 (3d Cir. 2014). Here, the District Court granted PHEAA a protective order precluding the depositions Birch sought of the President and CEO of PHEAA. Birch further sought depositions of other corporate designees of both PHEAA and DOE. In a discovery hearing on March 29, 2011, the court denied all outstanding requests for discovery, in favor of a new discovery schedule that focused on documents first. The court noted that Birch sought depositions of employees who would first have to find the relevant documents and would have no personal knowledge of the events. The court determined that paper discovery should be completed before oral depositions. At the pretrial conference, the court stated that the parties had thirty days to request further discovery. Though Birch acknowledged that he understood, he never made such a request. Thus, Birch was not prevented from deposing witnesses; he merely failed to do so within the discovery management parameters set out by the District Court. Setting out such parameters is normal for a district court, not an abuse of discretion.

Birch raises several other grounds for appeal, including evidentiary objections. We have considered all of them and find none meritorious.

**III. Conclusion**

5

For the foregoing reasons, we will affirm the judgment of the District Court.